## FLORIDA CENT. & P. R. CO. v. SCARLETT et al.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1899.)

### No. 723.

ASSUMPSIT—CONVERSION OF GOODS TAKEN IN TRESPASS—WAIVER OF TORT.
Under Code Ga. § 3811 (Code 1882, § 2955),—providing that, "when a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other,"—where goods have been taken in trespass, the owner may recover their value in assumpsit on an implied contract, without regard to whether the defendant converted the goods, through a sale and delivery or otherwise, by applying them to his own use.

In Error to the Circuit Court of the United States for the Eastern Division of the Southern District of Georgia.

The plaintiff in error states its case as follows: The action involved in this case is one of assumpsit on an account for cross-ties alleged to have been furnished by Scarlett Bros., a firm composed of F. M. Scarlett and J. H. Scarlett, to the plaintiff in error. It was originally brought in the superior court of Glynn county, and was removed to the United States court by the plaintiff in error. At the trial in the court below, defendants in error abandoned in open court the last item of their account, for 52,000 ties, for which $1,820 were charged, thus leaving the principal amount of their claim $2,946.87. The verdict of the jury was for $1,840.32, with interest from January 1, 1894. The railroad company had a contract with the Southern Supply Company for the building and construction of the Georgia Branch of its railroad, including the section involved in this suit. The Southern Supply Company had another, with J. F. Hall & Son, as subcontractors, whereby Hall & Son agreed to furnish the ties for the building of the line of road to the said company; and Hall & Son had another contract, with Scarlett Bros., dated June 14, 1893, under which Scarlett Bros. were to cut and deliver ties to Hall & Son. The railroad company had no contract or privity with Scarlett Bros. All the ties taken by the railroad company were taken as those to which they were entitled under the contract between the Southern Supply Company and its subcontractors, Hall & Son, and in express denial of any claim or right thereto by Scarlett Bros., its engineer and the manager of Hall & Son claiming these ties under these contracts, and the railroad company taking them against the objection of Scarlett Bros. As stated in the record: "It being admitted by the defendant [the railroad company] that unless the assignment of errors hereinafter stated, and which appertains exclusively to the question as to the right of plaintiffs to recover in their form of action, is not well taken, the verdict in favor of the plaintiffs is warranted under the conflict of evidence. A fuller statement of the

evidence for defendant is omitted by consent of counsel, and with the approval of the court, because it will not help to illustrate the points made in this bill of exceptions." It also appears that the "testimony of the defendant proceeded in denial of the claim of plaintiffs that the ties belonged to plaintiffs, and was upon the lines that defendant had used no cross-ties belonging to plaintiffs, or to which plaintiffs were entitled, and that defendant had paid the Southern Supply Company for all of the ties used, which company had settled with Hall & Son." Although the railroad company had paid the Southern Supply Company for all the ties which it had used, and this company had, in turn, settled with Hall & Son, and although it insisted, by its testimony and contention, that the ties taken were properly taken under these contracts, it is yet admitted that, if the court's instructions to the jury touching the right of Scarlett Bros. to recover in their form of action are correct, the verdict in their favor is warranted, under the conflict of evidence touching the question as to whether any of their ties were taken.

The errors specified and relied on appear in the first and second assignments of error, and in the bill of exceptions. They really raise only one question of law, and are covered by the exception to the refusal of the court to give the written request of the railroad company, duly submitted, to the effect that "plaintiffs sue for the ties which they allege they furnished to the defendant. It appearing by their evidence that their claim is for ties not furnished, but taken against their objection, they cannot recover in this case"; and to the charge of the court in the following words: "This is an action brought by the plaintiffs, Scarlett Brothers, against the Florida Central & Peninsular Railroad Company, upon an alleged indebtedness of $2,946.87 and interest. The plaintiffs were manufacturers of cross-ties, near the defendant company, and the claim is based upon the alleged facts that the defendant took and appropriated for its own use a lot of cross-ties belonging to the plaintiffs, of the value of the claim, which had been deposited along the line of the defendant's road. These were taken, it is insisted by the plaintiffs, notwithstanding the defendant was notified not to take the cross-ties. The suit is one, not to recover damages for the alleged trespass upon the plaintiffs' rights, but upon the implied contract which exists in all such cases on the part of a person taking property to pay the owner the market value thereof, the law being that, when property has been taken or retained without the consent of the owner, the owner may waive his action for damages, and sue upon an implied promise to pay the value of the articles so taken,"—"the objection to this charge being that the case made by plaintiffs' evidence was one of mere tort, if their evidence was to be believed, for which either trover or trespass would lie, and which prevented the implication of any contract to pay, and, further, because it was not claimed by plaintiffs, and there was no evidence to show, that the defendant railroad company had converted the ties into money."

Samuel B. Adams, for plaintiff in error.
Saml. C. Atkinson, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PER CURIAM. The question presented in this case is one of pleading, under the Georgia Code. Section 3811 of the new Code (section 2955 of the Code of 1882) provides: "When a transaction partakes of the nature both of a tort and a contract, the party complainant may waive the one and rely solely upon the other." All the Georgia authorities are to the effect that where goods have been taken in trespass, and afterwards converted by the taker through sale and delivery of the same, an implied contract to pay the owner is conclusively presumed, and all the common-law authorities are to the same purport. The Georgia authorities and common-law authorities generally are contradictory as to whether such implied contract will be presumed when

the goods tortiously taken have been otherwise than by sale converted to the use of the taker, so as to lose their identity. We fail to see any sound reason why the contract to pay the owner should be implied in the one case, and not in the other. Either the owner should be allowed to have back his goods, or to recover the value; and there is no good reason why damages for the unlawful taking may not be waived.

In our opinion, the law is correctly stated in 2 Greenl. Ev. § 108, as follows:

"And if one commit a tort on the goods of another, by which he gains a pecuniary benefit, as if he wrongfully takes the goods, and sells them, or otherwise applies them to his own use, the owner may waive the tort, and charge him in assumpsit on the common counts, as for goods sold or money received, which he will not be permitted to gainsay."

And particularly ought this rule to govern where, as in Georgia, the Code of 1882 provides:

"§ 3332 (3256). (3245.) Suits, How Commenced. Ordinary suits in the superior court shall be by petition to the court, signed by the plaintiff or his counsel, plainly, fully and distinctly setting forth his charge or demand, and no want of form shall be cause of delay if this article is substantially complied with."

The case-made conclusively shows that the ties sued for in this case were taken by the plaintiff in error, applied to its own use, and put beyond the reach of the owners. The verdict of the jury and the judgment of the court condemning the plaintiff in error to pay actual value for the same does substantial justice, and the plaintiff in error was neither surprised nor prejudiced thereby. Judgment affirmed.